

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| GARRY LEE CORNSTUBBLE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:19-CV-247-A |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION**
**and**
**ORDER**

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Garry Lee Cornstubble, a state prisoner, against Lorie Davis, director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), respondent. After having considered the pleadings, documentary evidence, and relief sought by petitioner, the court has concluded that the petition should be denied.

**I. Factual and Procedural History**

Petitioner is serving two 14-year sentences on his 2011 Tarrant County convictions for unlawful possession of a firearm and possession of a controlled substance. (Resp't Ans., Ex. A.) By this habeas petition, petitioner challenges a 2018 disciplinary proceeding conducted at the Jester III unit and the resultant temporary loss of recreation and visitation privileges, commissary restrictions, 10 hours' extra duty, and reduction in

line class status from S2 to S4. Petitioner was charged in Disciplinary Case No. 20190017488 with possessing contraband, a hand drawn map, a level 2, code 16.0 violation. (Disciplinary Hr'g R. 2.) Petitioner admitted to the violation at the disciplinary hearing. (Id. at 1; Pet'r's Br. 5.[1])

## II. Issues

In four grounds, petitioner claims that his constitutional rights under the Fifth and Eighth Amendments were violated because (1) his Step 2 grievance was "neglected" by the Office of Inspector General and he received no help from his counsel substitute; (2) his counsel substitute forced him to plead guilty to the disciplinary violation by telling him that the charge would be "downgraded" and his punishment would be less harsh; and (4) his counsel substitute was ineffective and the warden "made sure" other disciplinary proceedings were written against him. (Pet. 6-7.) He requests that his S2 line class status be restored, that he be returned to an outside trustee camp, and that the disciplinary violation be cleared from his prison record. (Id. at 7.)

## III. Rule 5 Statement

Respondent believes that petitioner's claims are unexhausted and procedurally barred or, in the alternative, that petitioner

---

[1]Because there are attachments to the brief, which are not paginated, or otherwise differentiated, the pagination in the ECF header is used.

2

fails to state a claim entitling him to federal habeas relief. (Resp't's Answer 5-11.) Although it appears petitioner has filed one or more grievances, it is unclear whether he has filed one specifically challenging the disciplinary proceeding at issue. (Pet'r's Br. 15; Disciplinary Hr'g R. Aff. of Lacy Zimmerman) Nevertheless, a court may deny a petition on the merits notwithstanding a petitioner's failure to exhaust under § 2254(b)(2).

## IV. Discussion

A state prisoner seeking federal habeas review pursuant to § 2254 must assert a violation of a federal constitutional right to be entitled to such relief. *See Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993). As a matter of constitutional due process, habeas relief is appropriate in this context when the allegations concern punishment which may ultimately affect the fact or duration of an inmate's confinement. *Cook v. Tx. Dept. of Criminal Justice Transitional Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994). Thus, a petition for writ of habeas corpus is the proper vehicle in which to protest a disciplinary proceeding that results in the loss of good-time credits, which could conceivably lengthen an inmate's duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1972). On the other hand, claims involving the conditions of confinement and prison procedures are properly brought under 42 U.S.C. § 1983; *Carson v. Johnson*, 112

3

F.3d 818, 820 (5th Cir. 1997). Petitioner's punishment does not include the loss of good-time credits. Consequently, the sanctions in this case, which do not impact the fact or duration of his confinement, fail to allege cognizable due-process violations. *See, e.g., Sandlin v. Conner*, 515 U.S. 472, 487 (1995) (finding no liberty interest protecting against a 30-day period of disciplinary segregation); *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding 30-day commissary, cell restrictions, and reduction in line class status do not implicate the Due Process Clause); *Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999) (observing prisoners have no constitutional right to visitation privileges and restrictions of those privileges do not implicate any due process concerns); *Martin v. Scott*, 156 F.3d 578, 579-580 & n.1 (5th Cir. 1998) (holding loss of visitation and commissary privileges, inter alia, does not deprive prisoner of a constitutionally cognizable liberty).

Petitioner's reference to the Eighth Amendment also fails. The Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to provide "humane conditions of confinement," ensuring that "inmates receive adequate food, clothing, shelter, and medical care. . . ." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The United States Supreme Court has held, however, that "to the extent prison conditions are restrictive and even harsh, they are part of the penalty that

4

criminal offenders pay for their offenses against society." *Rhodes v. Chapman,* 452 U.S. 337, 346-47 (1981). Petitioner's claims challenging his loss of recreation and visitation privileges, commissary restrictions, extra duty, and reduction in line class status do not rise to the level of "unnecessary and wanton" infliction of pain. *See Martin v. Scott,* 156 F.3d 578, 580 (5th Cir. 1998).

Petitioner's reference to ineffective assistance of counsel substitute is equally meritless. There is no federal legal standard for, or constitutional right to, counsel in a prison disciplinary proceeding. *Baxter v. Palmigiano,* 425 U.S. 308, 315 (1976); *Enriquez v. Mitchell,* 533 F.2d 275, 276 (5th Cir. 1976).

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as

petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED March 10, 2020.

/s/ John McBryde
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE